**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| MICHAEL RUHE and VICENTE CATALA,<br><br>Plaintiffs - Appellants,<br>Cross-Appellee<br><br>v.<br><br>MASIMO CORPORATION,<br><br>Defendant - Appellee.<br>Cross-Appellant | Nos. 14-55556<br>14-55725<br>D.C. No. 8:11-cv-00734-CJC-JCG<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted February 1, 2016
Pasadena, California

Before: PREGERSON, WARDLAW, and HURWITZ, Circuit Judges.

Michael Ruhe and Vicente Catala appeal the district court's order vacating

an arbitration award against Masimo Corporation. We have jurisdiction pursuant

to 9 U.S.C. § 16(a)(1)(E), and we reverse.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The district court erred in holding that the arbitrator exhibited "evident partiality." 9 U.S.C. § 10(a)(2). Masimo did not establish that the arbitrator "failed to disclose to the parties information that creates '[a] reasonable impression of bias.'" *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 646 (9th Cir. 2010) (alteration in original) (quoting *Woods v. Saturn Distribution Corp.*, 78 F.3d 424, 427 (9th Cir. 1996)). As the arbitrator noted, Masimo "furnish[ed] no coherent explanation" as to how his brother's litigation practice or his role in a SIDS foundation "would cause a person reasonably to doubt [his] impartiality in this case." Nor did Masimo "establish specific facts indicating actual bias." *Id.* at 645–46. Although the arbitrator committed an error in applying Third Circuit instead of California law as to punitive damages, that was not the central basis for the punitive damages award. Moreover, that error did not rise to the level of "affirmative misconduct" or "irrational[ity]." *Douglas v. U.S. Dist. Court for Cent. Dist. of Cal.*, 495 F.3d 1062, 1068 (9th Cir. 2007) (per curiam) (alteration in original) (quoting *Kyocera Corp. v. Prudential– Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003) (en banc)).

For the same reason, Masimo's remaining challenges to the arbitration award are unavailing.[1] The arbitrator's rulings, even if erroneous, did not "exceed his powers" or rise to the level of manifest disregard of the law. *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 665 (9th Cir. 2012) ("[A]rbitrators exceed their powers . . . not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational . . . ." (citation omitted)); *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007) ("The manifest disregard exception requires 'something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand and apply the law.'" (quoting *San Martine Compania De Navegacion, S.A. v. Saguenay Terminals Ltd.*, 293 F.2d 796, 801 (9th Cir. 1961)). Accordingly, on remand, the district court is directed to issue an order confirming the arbitration award in its entirety.

**REVERSED AND REMANDED.**

---

[1] The concurrence argues that the amount of the punitive damages award—sixteen times the compensatory damages award—raises due process concerns. However, neither party raised this issue on appeal, and, therefore, it was waived. Moreover, the Supreme Court has recognized that "low awards of compensatory damages may properly support a higher ratio" of punitive to actual damages. *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 582 (1996). That is especially true where, as here, the low award of compensatory damages reflects the plaintiffs' successful efforts to mitigate their damages, and not the reprehensibility of the defendants' conduct.

3

*Ruhe v. Masimo Corp.*, Nos. 14-55556, 14-55725

HURWITZ, Circuit Judge, concurring:

The Federal Arbitration Act permits a district court to vacate an arbitration award "only in very unusual circumstances." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 942 (1995). Although I am troubled by this case, I am unable to conclude that one of the "narrow grounds" in section 10(a) of the Act justifies the district court's refusal to confirm the arbitrator's award. *See Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 883 (9th Cir. 2007) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1133 (9th Cir. 2000)).

In general, an arbitrator should not himself determine whether he should be recused, given his financial interest in continued employment. *See Pitta v. Hotel Ass'n of N.Y. City, Inc.*, 806 F.2d 419, 423-24 (2d Cir. 1986). Thus, regardless of the JAMS procedural rules, the arbitrator should have referred Masimo's belated request for recusal to another for decision. But, because the recusal request raised only matters of general public knowledge and occurred very late in an extended arbitration (when the arbitrator had earned virtually all of his fees), and because Masimo's claims of "evident partiality" fail on the merits, any error by the arbitrator in not referring the issue to others does not mandate vacation of the award.

The punitive damages award also gives me concern.  As my colleagues note, the judge applied the wrong law; he thus incorrectly based the amount of the award in part on the conduct of Massimo's attorneys during the arbitration.  Moreover, the amount of the award, about sixteen times the amount of compensatory damages, raises obvious due process concerns.  *See BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 581-82 (1996).  But, section 10(a)(4) of the Act only allows a court to refuse to confirm an award when the arbitrator exhibits "manifest disregard of the law."  *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1289-90 (9th Cir. 2009).  Like my colleagues, I cannot conclude that this very demanding standard was met here.